**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

```
_____
                              :
RAY RODRIGUEZ,                :
                              :   Civil Action No. 12-1656 (RBK)
            Petitioner,       :
                              :
        v.                    :   MEMORANDUM OPINION AND ORDER
                              :
J.T. SHARTLE,                 :
                              :
            Respondent.       :
_____:
```

This matter having come before this Court upon Petitioner's submission of a Section 2241 habeas petition ("Petition"), see Docket Entry No. 1, and it appearing that:

1. Petitioner commenced this matter without submitting his in forma pauperis application and without paying his filing fee. See Docket Entry No. 1. The Court, therefore, directed administrative termination of this matter, allowing Petitioner an opportunity to cure the deficiency of his submission. See Docket Entry No. 2. Petitioner, thereafter, cured the deficiency of his filing by prepaying his filing fee.

2. While the Petition is of less than exemplar clarity, it appears that Petitioner is seeking a 28 U.S.C. § 2241 writ by asserting that his federal sentencing court, that is the United States District Court for the Eastern District of Pennsylvania, directed retroactive adjustment of

Petitioner's federal sentence by uttering certain, not elaborated in the Petition, oral statements, which were made during Petitioner's federal sentencing proceedings.  See, generally, Docket Entry No. 1.  In other words, it appears that Petitioner is seeking enforcement of the adjustment granted by his federal sentencing court (which measure was allowed to the district courts in this Circuit since Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002), and was validated by the Supreme Court in Setser v. United States, 132 S. Ct. 1463 (2012)).[1]  However, Petitioner articulated his claims by mixing the Ruggiano challenges with the

---

[1] In Ruggiano, the Court of Appeals explained that "the sentencing court's authority under § 5G1.3(c) to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same.  See Ruggiano, 307 F.3d at 131-33.  Specifically, the "adjustment" that the sentencing court exclusively can award under § 5G1.3(c) is a sentence reduction designed to account for time spent in custody on a prior conviction.  When the federal court sitting in habeas review faces the task of determining what type of "adjustment" the sentencing court intended to apply, "the appropriate starting point is to ascertain the meaning that . . . should [be] ascribed to the sentencing court's directives." Rios v. Wiley, 201 F.3d 257, 264 (3d Cir. 2000).  When the oral pronouncement of sentence and written sentence are in conflict, the oral sentence prevails. See United States v. Chasmer, 952 F.2d 50, 52 (3d Cir. 1991).  When there is no conflict, "but rather only ambiguity in either or both sentence pronouncements, the controlling oral sentence "often consists of spontaneous remarks' that are 'addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of the surrounding law.'" Ruggiano, 307 F.3d at 133 (quoting Rios, 201 F.3d at 268).  Importantly, "in interpreting the oral statement, . . . the context in which this statement is made is essential." Id. at 134.

2

      terminology commonly used with credits issued not by federal courts but by the Bureau of Prisons ("BOP"), i.e., the terminology commonly used by the litigants seeking administrative recalculation of their prison sentences under the holdings of Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991), or Willis v. United States, 438 F.2d 923 (5th Cir. 1971), or Kayfez v. Gasele, 993 F. 2d 1288 (7th Cir. 1993).

3. Petitioner's efforts as to exhausting his administrative remedies were, seemingly, even more problematic, since the sole exhibit provided by Petitioner indicates that he raised his mix of Ruggiano - Barden - Willis - Kayfez challenges only to his warden, without appealing the warden's denial of his application to either the Regional or the Central Office of the BOP. See, generally, Docket Entry No. 1.

4. While this matter is greatly mired by ambiguities plaguing Petitioner's submission, three important aspects appear sufficiently certain:

    a. The warden, in denying Petitioner's application, did not consider or even obtain the transcripts of Petitioner's federal sentencing proceedings and, hence, did not perform a proper Ruggiano - Rios analysis, see Docket Entry No. 1, at 11-12 (although this Court cannot rule out the possibility that the content of Petitioner's administrative application to the warden,,

       which is omitted from the submission at bar, was so confusing in terms of mixing <u>Ruggiano</u> - <u>Barden</u> - <u>Willis</u> - <u>Kayfez</u> challenges that this very mix prevented the warden from recognizing and properly addressing the <u>Ruggiano</u> issue, that is, the core issue Petitioner is seemingly striving to assert);

b. Petitioner's federal sentencing court, responding to Petitioner's request for a <u>Ruggiano</u>-like clarification, actually entered an order, dated June 16, 2011, verifying what appears to be Petitioner's federal sentencing court's unambiguous intent to direct downward adjustment of Petitioner's federal sentence by means of ordering retroactive concurrence, <u>see</u> <u>id.</u> at 13; <u>accord</u> <u>USA v. Rodriguez</u>, Crim. Action No. 95-95 (LDD) (E.D. Pa.), Docket Entry No. 61;[2] and

c. Petitioner's current, seemingly unadjusted, projected date of release from federal confinement is August 7, 2013, which - in turns - means that, in the event Petitioner's federal sentencing court's <u>Ruggiano</u>

---

[2] It appears that Petitioner's federal sentence was imposed on July 9, 2010, and yet Petitioner contacted his federal sentencing court only a year later, that is. on June 9, 2011. <u>See</u> <u>USA v. Rodriguez</u>, Crim. Action No. 95-95 (LDD) (E.D. Pa.), Docket Entry No. 59.  The Clerk of Petitioner's federal sentencing court docketed Petitioner's letter on June 16, 2011, and Petitioner's federal sentencing court responded same day. <u>See</u> <u>id.</u> Docket Entries Nos. 60 and 61.

4

Case 1:12-cv-01656-RBK   Document 3   Filed 10/26/12   Page 5 of 9 PageID: 27

       adjustment of ten months was, in fact, directed and would be enforced by the BOP – Petitioner might be eligible for release as soon as on November 7, 2012.[3]

5. In light of the potential exigency of the circumstances at bar, this Court finds it warranted to:

   a. excuse what appears to be Petitioner's failure to duly exhaust his administrative remedies, but see this Memorandum Opinion and Order, n. 3;

   b. order Respondent's answer to be filed within ten days from the date of issuance of this Memorandum Opinion and Order;[4] and

---

[3] While Petitioner's federal sentencing court responded to Petitioner's letter on June 16, 2011, see USA v. Rodriguez, Crim. Action No. 95-95 (LDD) (E.D. Pa.), Docket Entries Nos. 60 and 61, and Petitioner's application for Ruggiano adjustment was denied by his warden less than two months later, that is, on August 11, 2011, see Instant Matter, Docket Entry No. 1, at 12, Petitioner waited more than eight months to file the Petition at bar. Moreover, in his Petition, Petitioner did not state the projected date of his release, which is August 7, 2013.  See <<http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=48552-066&x=71&y=19>>.  In other words, had this Court not checked Petitioner's BOP information in connection with reopening of this matter, Petitioner could, hypothetically, overserve his imposed term of imprisonment.  This Court, while having no information as to the reasons for Petitioner's laxness (and, thus, for him creating the exigent circumstances at bar), takes this opportunity to note its grave concern with Petitioner's litigation practices.

[4] The Court realizes that this short time frame imposes a substantial hardship on the Office of the United States Attorney for the District of New Jersey, which is expected to act as counsel to Respondent, and extends it appreciation for the efforts the Office of the United States Attorney will expend in connection with this matter.  The Court notes, however, its

5

    c.    direct the Clerk of the Court to serve a complimentary copy of this Memorandum Opinion and Order on Petitioner's federal sentencing judge, Honorable Legrome D. Davis ("Judge Davis"), to enable Judge Davis' contact with this Court and/or with the BOP (or the agency's counsel), that is, in the event Judge Davis finds any of such contact appropriate.

IT IS, therefore, on this __26th__ day of __October__, 2012,

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that Petitioner's seemingly present failure to duly exhaust his administrative remedies is excused, as in the interests of justice; and it is further

ORDERED that the Clerk shall serve a copy of the Petition and this Memorandum Opinion and Order by certified mail, return receipt requested, upon warden J.T. Shartle, at FCI Fairton Federal Correctional Institution, P.O. Box 280, Fairton, New Jersey 08320 (which is, seemingly, the address utilized for

---

certainty that the Office of the United States Attorney – as this Court – would wish to ensure that no person, Petitioner included, spends a single day in confinement beyond the terms of that person's properly imposed criminal sentence.

mailing to that correctional facility's employees); and it is further

ORDERED that the Clerk shall serve a copy of the Petition and this Memorandum Opinion and Order by certified mail, return receipt requested, and, in addition, by means of electronic delivery, upon the United States Attorney's Office, which Office is expected to act as counsel for Respondent. The Clerk's electronic transmission shall state, on the "subject" line, "URGENT ACTION BY YOUR OFFICE REQUIRED" and, in addition, shall state in the body of said electronic message, the following:

> ATTACHED PLEASE FIND A MEMORANDUM OPINION AND ORDER DIRECTING ANSWER TO THE PETITION FILED IN THIS MATTER. THE ANSWER IS DIRECTED TO BE PRODUCED WITHIN **TEN DAYS** OF THE ELECTRONIC SERVICE IN LIGHT OF THE POSSIBILITY THAT PETITIONER'S RELEASE MIGHT HAVE TO TAKE PLACE ON NOVEMBER 7, 2012, IN THE EVENT PETITIONER'S CLAIMS PROVE FACTUALLY TRUE AND LEGALLY VALID. THE COURT GREATLY APPRECIATES YOUR ASSISTANCE AND EFFORTS IN CONNECTION WITH THIS MATTER AND NOTES ITS SINCERE REGRET FOR THE SHORT TIME-FRAME ALLOWED TO ANSWER;

and it is further

ORDERED that, within **TEN DAYS** of the date of the electronic transmission of this Memorandum Opinion and Order, Respondent shall electronically file an answer which responds to the allegations of the Petition, as detailed in this Memorandum Opinion and Order in terms of both the facts and the governing legal regime; and it is further

ORDERED that the answer shall state the statutory authority for the period of Petitioner's detention, as it is currently calculated by the BOP and, in alternative, in the event Respondent determines that Petitioner's release date should be altered to reflect the directives seemingly entered by Petitioner's federal sentencing court, then the answer shall inform this Court of the appropriate adjustment of Petitioner's release date, see 28 U.S.C. § 2243; and it is further

ORDERED that, unless Petitioner's release date is adjusted to reflect the ten-month Ruggiano v. Reish adjustment seemingly directed by Petitioner's federal sentencing court, Respondent shall electronically file with the answer certified copies of Petitioner's sentencing transcript and sentencing order, and all other documents relating to Petitioner's Ruggiano v. Reish claim; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Honorable Legrome D. Davis of the United States District Court for the Eastern District of Pennsylvania.  Such service shall be executed by means of electronic delivery, with the "subject" line reading, "COMPLIMENTARY SERVICE.  SERVICE DIRECTED FOR INFORMATIONAL PURPOSES ONLY," and the body of said message reading, "ATTACHED PLEASE FIND THIS COURT'S MEMORANDUM OPINION AND ORDER EXECUTED IN CONNECTION WITH A HABEAS APPLICATION FILED IN THE DISTRICT OF NEW JERSEY, WHICH

APPLICATION IS BASED ON THE SENTENCE RENDERED AND A CLARIFICATION ORDER ENTERED BY JUDGE LEGROME D. DAVIS IN USA V. RODRIGUEZ, CRIM. ACTION NO. 95-95 (LDD) (E.D. PA.)"; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order on Petitioner by certified mail, return receipt requested.

                                      s/Robert B.Kugler
                                      **ROBERT B. KUGLER**
                                      **United States District Judge**